[No. 14276.   Department One.   April 2, 1918.]

PITTOCK & LEADBETTER COMPANY, *Appellant*, v. CLARKE COUNTY, *Respondent*.[1]

Appeal from a judgment of the superior court for Clarke county, Back, J., entered March 19, 1917, upon findings in favor of the defendant, in an action to secure a reduction of taxes, tried to the court. Affirmed.

*Henry Crass*, for appellant.
*James O. Blair*, for respondent.

PARKER, J.—The plaintiff seeks a decree reducing the assessed valuations for taxation purposes placed upon certain of its lands in Clarke county for the year 1915 by the assessing officers of that county, and permitting it to pay taxes thereon computed upon assessed valuations of approximately one-half of those fixed by the assessor and board of equalization of that county. A trial upon the merits in the superior court for Clarke county resulted in judgment in favor of the county, denying the relief prayed for by the plaintiff, from which it has appealed to this court.

It would be quite impossible to review the facts presented in this voluminous record within the reasonable limits of a written opinion, and it would be equally unprofitable to do so. We deem it sufficient to assure counsel for the respective parties that we have painstakingly read all the evidence as presented to us in the necessarily lengthy abstract thereof prepared by counsel for appellant, and have become quite convinced therefrom that we would not be justified in disturbing the judgment of the trial court. There is evidence in the record which may seem to lend strong support to the view that some of appellant's lands have, in a measure, been as-

[1]Reported in 171 Pac. 741.

sessed at excessive valuations.  However, the evidence points to a difference between the lands in question and adjoining lands with which it is sought to compare their assessed valuations, which difference we cannot say does not justify the larger assessment made upon them.  The trial court not only heard and saw the witnesses testify, but viewed the lands in question attended by a representative of each of the parties.  There is practically no evidence in this record pointing to arbitrary action on the part of the assessor or the board of equalization in fixing the values complained of, other than the fact that the assessed valuations are too high as compared with the assessed valuations of adjoining lands, in the opinion of certain witnesses.  The evidence as a whole, looked at in cold typewriting, as we are compelled to view it, is not of such convincing character in support of appellant's contentions as to enable us to say that the conclusions of the county assessor, the county board of equalization, and the trial court were wrong.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and WEBSTER, JJ., concur.